UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Elric Shelby,

        Plaintiff,        1:15-cv-01457-TC

      v.                FINDINGS AND RECOMMENDATION

Sheriff Skrah, et al.,

        Defendants.

Coffin, Magistrate Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights arising out of his incarceration in the Klamath County Jail.

    Defendants now move for summary judgment (#62).

    The relevant facts are set forth in the Declarations of Jeanette Davison, Woody Lugo, Joni Stewart, Jason Klien, and Gerald Warren submitted in support of defendants' motion. Although plaintiff has submitted various documents as exhibits

1 - FINDINGS AND RECOMMENDATION

in support of his claims, the exhibits are not authenticated and contain inadmissible hearsay, and are insufficient to create a genuine issue as to any material fact before the court.

As a preliminary matter, plaintiff has not alleged that defendants Skrah or Davidson personally participated in the conduct giving rise to his claims and he apparently seeks to hold them liable on a theory of respondeat superior.

To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Ivy v. Board of Regents, 673 F.2d 266 (9th Cir. 1982).

It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. Monell v. New York City Dept. Of Social Services, 436 U.S. 658 (1978); Padway v. Patches, 665 F.2d 965 (9th Cir. 1982). Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981); Johnson v. Puffy, 588 F.2d 740, 743 (9th Cir. 1978). A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal

connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

Plaintiff has not alleged any facts that would support a respondeat superior claim against defendants Skrah or Davidson. Therefore, they are entitled to judgment as a matter of law as to plaintiff's claims against them.

In his first claim for relief, plaintiff alleges that his due process rights were violated when he was moved to administrative segregation after he yelled and threatened another inmate.

Inmates have no liberty interest in being free from disciplinary segregation. Sandin v. Conner, 515 U.S. 472 (1995). Summary judgment is proper where, as here, an inmate's placement in segregation is due to a legitimate security concern. Lopez v. Skagit County Jail, 447 Fed Appx. 807 (9th Cir. 2011).

In this case, it is undisputed that plaintiff was moved

to segregation after he yelled at and threatened another inmate. Plaintiff acknowledges that his statements could be construed as threats. He was only in segregation for six days and was eventually given a hearing. Under these circumstances, defendants had a legitimate penological reason for placing plaintiff in segregation and his due process rights were not violated. Plaintiff's due process claims fails as a matter of law.

In his second claim for relief plaintiff alleges that his Eighth Amendment rights were violated when he was not given Tylenol or aspirin for a headache.

In order to prevail on a 42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

A determination of "deliberate indifference" requires an examination of two elements: 1.) The seriousness of the prisoner's medical needs, and 2.) The nature of the defendant's response. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (overruled on other grounds by WMX Techs., Inc v. Miller, 104 F.3d 1133 (9th Cir. 1997). To find

4 - FINDINGS AND RECOMMENDATION

deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a petitioner's pain or possible medical need." Id. at 1060.

Whether a medical condition is serious is ordinarily a question left to physicians, Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991) Davis v. Jones, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972; see also, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff's alleged medical need was a headache. While annoying and perhaps painful, it is not a serious medical need of constitutional proportion. There is a *minimis* level of imposition with which the Constitution is not concerned. Canell v. Multnomah County, 141 F, Supp 1046 (D. Or. 2001).

In this case, plaintiff claims he suffers from migraines, but there is no medical evidence of migraines. In any event, the need for aspirin for a headache would be a difference of opinion between plaintiff and the medical providers and as such would not support a constitutional claim. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). To prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the

5 - FINDINGS AND RECOMMENDATION

circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id, (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff has made no such showing in this case and defendants are entitled to judgment as a matter of law on plaintiff's second claim for relief.

Plaintiff's third claim alleges that he was charged for something that he did not receive. The evidence suggests that the charges plaintiff complains of in his third claim were imposed as a result of negligence or oversight. Negligence does not give rise to a claim under 42 U.S.C. § 1983 Daniels v. Williams, 474 U.S. 327 (1986).

In any event the money withdrawn from plaintiff trust account was refunded to him, so plaintiff was not harmed or damaged by defendants' alleged negligence and his due process claim fails as a matter of law.

Plaintiff alleges that defendants violated his Eighth Amendment rights by failing to protect him from Inmate Wise.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). Ordinarily an isolated or random incident of prison violence does not give rise to a claim for failure to protect.  The Ninth Circuit has traditionally required some sort of notice (constructive or otherwise) of

6 - FINDINGS AND RECOMMENDATION

impending harm before liability could be imposed under the Eight Amendment for failure to protect an inmate. See, Redman v. County of San Diego, 942 F.2d 1435 (9th Cir. 1991); Leer v. Murphy, 844 F.2d 628 (9th Cir. 1998); Berg v. Kincheloe, 794 F.2d 457 (9th Cir. 1986).

In Farmer, the Supreme Court held that the appropriate standard to impose liability for failing to protect an inmate from an attack by another inmate was the functional equivalent to criminal recklessness, and described the necessary mens rea as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate human conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. * * * [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer, 511 U.S. at 837-38.

A viable Eighth Amendment claim also requires proof of harm, Wilson v. Seiter, 501 U.S. 294, 298 (1991), and the harm must be more than *de minimis*. Hudson v. McMillian, 503 U.S. 1, 8-10 (1992); Ingraham v. Wright, 430 U.S. 651. 647 (1975) ["There is a *de minimis* level of imposition of punishment0 with which the Constitution is not concerned.].

Plaintiff has failed to controvert the evidence submitted

7 - FINDINGS AND RECOMMENDATION

by defendants that plaintiff was suddenly attacked without warning and that defendants had no reason to suspect that such an attack might occur.

In addition, plaintiff has failed to establish that the harm he suffered was sufficiently serious to constitute the basis for a Constitutional violation. It is undisputed that plaintiff was hit twice by inmate Wise before plaintiff got on top of Wise and that plaintiff suffered no injuries from the incident.

There is no genuine issue of material fact that plaintiff never informed any defendant that he feared an attack from Inmate Wise and plaintiff has not controverted the considerable evidence presented by defendants that they did not suspect and did not have any reason to suspect that plaintiff was at any risk (much less a "substantial risk") of harm from Inmate Wise or otherwise. Therefore, defendants are entitled to judgment as a matter of law at to plaintiff claim that defendants violated his rights by failing to protect him from Inmate Wise.

Plaintiff alleges that defendants retaliated against him for complaining about unauthorized chargers on his inmate account by requiring plaintiff to sign express authorization for his commissary orders.

A properly pleaded complaint which alleges retaliation

for the exercise of a constitutional right states a cause of action under 42 U.S.C. § 1983. <u>Mt. Healthy City Bd. Of Ed. V. Doyle</u>, 429 U.S. 274 (1977); <u>McDonald v. Hall</u>, 610 F.2d 16 (1st. Cir. 1979); <u>Bruise v. Hudkins</u>, 584 F.2d 223 (7th Cir. 1978). The claim must include an allegation that the plaintiff engaged in conduct that is constitutionally protected and that the conduct was a substantial or motivating factor for the defendant's action. <u>Mt. Healy</u>, id., at p. 287.

"A prisoner suing state prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." <u>Barnett v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir. 1994). The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct about which he complains. <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995). Courts should "afford appropriate deference and flexibility to prison officials in the evaluation of proffered penological reasons for conduct alleged to be retaliatory. <u>Id</u>., at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)).

The nature of a retaliation claim requires that it be "regarded with skepticism, lest federal courts embroil

9 - FINDINGS AND RECOMMENDATION

themselves in every disciplinary act that occurs in state penal institutions." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

In this case, plaintiff complained about alleged unauthorized deductions from his trust account. Therefore requiring plaintiff to specifically authorize (ie. Sign for)his commissary orders served an obvious penological objective of protecting plaintiff account and limiting potential liability for unauthorized purchases.

Moreover, defendants did not take any "adverse action" against plaintiff. Requiring an inmate to sign a form is hardly burdensome or punitive. Plaintiff was simply asked to authorize commissary order to make sure his account was protected. Plaintiff's retaliation fails as a factual matter and as a matter of law.

Plaintiff's sixth claim for "collateral consequences" appears to more in the nature of a request for damages and does not state an independent cause of action or state a cognizable claim. Plaintiff does not oppose defendants' motion for summary judgment as to that claim.

Qualified immunity shields government officials from liability for damages when they make decisions that, even if constitutionally deficient, reasonably misapprehend the law governing the circumstances they confronted. Brosseau v.

10 - FINDINGS AND RECOMMENDATION

Haugen, 543 U.S. 194, 202 (2004); Harlow v. Fitzgerald, 457 u.s. 800 (1982).

An official should be denied qualified immunity only when "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Qualified immunity is immunity from suit, not merely a defense to liability. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Like absolute immunity, qualified immunity is effectively lost if a case is erroneously permitted to go to trial. *Id.* Consequently, the Court has repeatedly stressed the importance of resolving immunity qusetions at the earliest possible stage in litigation. *See*, Hunter v. Byrant, 502 U.S. 224, 227 (1991) (*per curiam* Saucier v. Katz, 533 U.S. 194, 201 (2001).

> The United States Supreme Court has held:
>
> "An official is entitled to summary judgment on the ground of qualified immunity where his or her conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Until recently courts considering an official claim of qualified immunity followed the two-step protocol established in *Saucier v. Katz*, 533 U.S. 194 (2001), which required us first to determine whether the defendant violated a constitutional right and then to determine whether that right was clearly established. *See*, *Pearson v. Callahan*, 555 U.S. ___, 129 S.Ct. 808, 818 (2009) (overturning *Saucier* in part). In *Pearson v. Callahan*, the Supreme Court reversed this earlier rule and gave

11 - FINDINGS AND RECOMMENDATION

> courts discretion to grant qualified immunity on the basis of the "clearly established" prong alone, without deciding in the first instance whether any right had been violated. *Id.* Thus, we may grant qualified immunity if 'the facts that a plaintiff has alleged or shown [do not] make out a violation of a constitutional right' or if 'the right at issue was [not] clearly established at the time of the defendant's alleged conduct.' *Id.* At 816, 818 (internal citations omitted)."

James v. Rowlands, 606 F.3d 646 (9th Cir. 2010).

As set forth above, defendants alleged conduct did not violate any of plaintiff's clearly established constitutional rights. Even if some minimal encroachment did arguably occur, defendants are qualifiedly immune from liability for damages because they reasonably misapprehended the law governing the circumstances they confronted and their actions were reasonable under the circumstances. Brosseau, 543 U.S. 194, 202; Harlow, 457 U.S. 800.

Based on all of the foregoing, I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#62) should be allowed. The Clerk of the Court should be directed to enter a judgment dismissing this case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

12 - FINDINGS AND RECOMMENDATION

court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal from an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status should be revoked.*

DATED this 10th day of January, 2016.

Thomas M. Coffin
United States Magistrate Judge