IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ELRIC V. SHELBY,

Plaintiff,

vs.

SHERIFF SKRAH, et al.,

Defendants.

Case No. 1:15-cv-01457-TC

ORDER

AIKEN, Judge:

On January 10, 2017, Magistrate Judge Coffin filed his Findings and Recommendation ("F&R"), recommending that this Court grant defendants' motion for summary judgment (doc. 62). Plaintiff filed objections, so I review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

I have reviewed this matter *de novo*. One point in the F&R warrants clarification in response to plaintiff's objections. The F&R states that "[i]nmates have no liberty interest in being free from disciplinary segregation." F&R at 3. That statement is true with respect to convicted prisoners. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). But because plaintiff is a pretrial detainee, he has a protected liberty interest in remaining free from any type of punishment, including disciplinary segregation. *Mitchell v. Dupnik*, 75 F.3d 517, 523 (9th Cir. 1996). Pretrial detainees are not "free to violate jail rules with impunity." *Id.* at 524. But they

"may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." *Id.* And no inmate, whether a pretrial detainee or a convicted prisoner, has a constitutional liberty interest in being free from segregation imposed for the inmate's own protection. *See Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979) ("Absent a showing of an express intent to punish on the part of detention facility officials, . . . . if a particular condition or restriction of pretrial detention is reasonable related to a legitimate governmental objective, it does not, without more, amount to punishment.")

This clarification of the governing law does not change the result. Plaintiff was in administrative segregation for the first six days in question. Plaintiff did not receive a hearing in connection with his administrative segregation but, as explained above, he had no constitutional right to such a hearing. Plaintiff's status changed to disciplinary segregation after an altercation with a fellow inmate. But he received a hearing in connection with that portion of his segregation. Plaintiff offers no evidence to support a claim that process was constitutionally inadequate, he simply disagrees with its result. That is insufficient to permit him to proceed past summary judgment.

As clarified above, I ADOPT Judge Coffin's F&R (doc. 90). Defendants' motion for summary judgment (doc. 62) is GRANTED and this case is DISMISSED. **Any appeal from this Order would be frivolous and not taken in good faith. Therefore, plaintiff's in forma pauperis status is REVOKED.**

IT IS SO ORDERED.

Dated this 16th day of March 2017.

_____
Ann Aiken
United States District Judge